## Case No. 16,511.

### UNITED STATES v. THREE HUNDRED CASKS OF JUNIPER CORDIAL.

[Hoff. Op. 467.]

District Court, N. D. California. Nov. 26, 1859.

VIOLATION OF CUSTOMS LAWS — IMPORTATION OF LIQUORS—JUNIPER CORDIAL.

[Juniper cordial, which contains sufficient saccharine matter to disguise 11 per cent. of alcohol, is a sweet cordial, within the meaning of the 103d section of the customs act of 1799 (1 Stat. 701), which provides that no distilled spirits (arrack and sweet cordial excepted) shall be imported, except in casks or vessels of 90 gallons and upwards.]

HOFFMAN, District Judge. The goods in this case have been seized by the collector as forfeited under the 103d section of the act of 1799. That act provides "that no distilled spirits (arrack and sweet cordial excepted) shall be brought into the United States, except in casks or vessels of the capacity of ninety gallons, wine measure, and upwards," etc.

The only question in the case is, is this liquor a sweet cordial, within the meaning of the act? Several witnesses on the part of the United States have testified that the liquor in question is very similar to what is known as "Old Tom," and that it would not be called in commerce a sweet cordial. None of these witnesses, however, profess to have any general knowledge of the mode in which the liquor is denominated or regarded in the general trade of the country. Their knowledge on the subject being confined to this city, and obtained from the experience of the last few years, they, of course, do not pretend to state that this liquor would not, at the date of the act (1799), have been considered a sweet cordial. When asked to define or explain what, in their judgment, constitutes a sweet cordial, the witnesses acknowledged their inability to give any definition to the term which would not include the liquor in question.

On the other hand, it appears from the testimony of the witnesses produced by the claimants (one of whom was a manufacturer of cordials, and the other a chemist, Mr. McCulloch, who states that he assisted in the preparation of "McCulloch's Commercial Dictionary") that a sweet cordial is a plain spirit, flavored by an essential oil or other aromatic substance, and sweetened by some saccharine matter. Such is precisely the composition of this liquor. The same definition is given in the various standard works. In one of these, under the word "juniper," this liquor is described as a "cordial water," and a definition of it is given, which is stated by Mr. Roach, the appraiser, by whom the subject has been investigated, to be almost a recipe for its manufacture. The fact that the liquor contains a large proportion of alcohol has no bearing on the question, for several liquors admitted to be cordials are mentioned by the witnesses which contain more alcohol.

Mr. McCulloch states that this liquor is "English cordial gin," and he adds that if this be not a sweet cordial, he is unable to conjecture to what liquors that name should be applied. In addition to this, the claimants have produced as a witness Mr. Roach, the appraiser of the custom-house, by whom the subject has been diligently examined, and who states his firm opinion that this liquor must be classed as a sweet cordial, and that neither technically, commercially, or scientifically, can it be called "gin." It would seem that the term "liqueur" in French corresponds with the English word "cordial," and a liqueur is defined to be "a liquor compounded of alcohol, water, sugar, and different aromatic substances,"—a definition which precisely describes the juniper cordial, or British cordial gin, in question. It is also stated by Mr. McCulloch that, by the British excise laws, a discrimination is made between cordials and distilled liquors, and that cordials or strong waters are liquids sweetened or mixed with any article, so that their strength cannot be ascertained by a hydrometer. It appears, from an analysis of the juniper cordial under seizure, that it contains sufficient saccharine matter to disguise 11 per cent. of alcohol. I think it clear, from this testimony, that this liquor must be classed among those intended to be included in the act of 1799 under the denomination of "sweet cordials."

It may be observed, in addition, that the size of the package in which the article is imported does not affect the amount of duties, and that the duty imposed is the highest sale under the act; and no reason of public policy is suggested why this liquor should be excluded from the class of sweet cordials any more than Marachine. Curaçoa, Keischewasser, etc., which are confessedly within it. I think, therefore, that the libel should be dismissed.